[No. 4286.    Decided September 17, 1902.]

M. J. ADAMS, as Assignee, Appellant, v. NATIONAL BANK OF COMMERCE, Respondent.

EXECUTION — LEVY ON MONEY — SATISFACTION OF JUDGMENT — MONEY WITHHELD BY AGREEMENT OF PARTIES — LIABILITY OF DEBTOR FOR INTEREST.

A levy of execution upon money constitutes a satisfaction of the judgment, though not paid over by the sheriff until the determination of another suit, where it was stipulated by the judgment creditor that it should be held by the sheriff to abide the result thereof; and in such case the judgment creditor would not be entitled to the issuance of an alias execution for the purpose of recovering interest on the sum the sheriff had been withholding.

Appeal from Superior Court, Pierce County.—Hon. THAD HUSTON, Judge.  Affirmed.

T. O. Abbott, for appellant.

Bogle & Richardson and Bates & Murray, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Briefly stated, on September 19, 1900, an execution was issued on a judgment theretofore obtained in this cause, and the sheriff, by virtue of said execution, levied upon and took into his possession from the respondent the sum of $3,742.92 in gold and silver money and

fractional coins. This amount lacked forty-four cents of being the full amount of the judgment. Said sum of forty-four cents was afterwards paid by the clerk to the respondent as soon as the deficiency was ascertained. Inasmuch as the levy was upon money, the formality of a sale was deemed unnecessary. At the date of said levy and collection by the sheriff there was a suit pending in the name of William H. Opie, as administrator of the estate of T. B. Deming, deceased, against The Pacific Investment Co. *et al.,* to secure the avails of said judgment; and, in order to determine to whom the money should be paid, it was stipulated that the said money which had been levied upon by the sheriff should remain in the hands of the sheriff until said suit of Opie *v.* The Pacific Investment Co. had been determined. That case was tried, appealed to this court, and a judgment rendered by the court determining the ownership of the funds in the hands of the sheriff. The sheriff made a return on the execution aforesaid, on the 20th day of January, 1902. Thereupon appellant ordered an alias execution to collect from the respondent interest upon the amount of money that had remained in the hands of the sheriff from the time of the levy until the time it was paid to the clerk. A motion was made by the respondent to quash this alias execution, which motion was sustained by the court, and from the judgment of the court in that regard this appeal is taken. So that the question presented here is whether the collection of the judgment from the judgment debtor satisfied the judgment or not, and whether, when the money levied upon and collected had failed to reach the judgment creditor, the judgment debtor was responsible for the period of delay between the collection of the money and the return thereof by the sheriff for the benefit of the judgment creditor.

It is insisted by the appellant that the payment of the money constituted only a *prima facie* satisfaction of the judgment, which may be rebutted; that if it can be shown that there was no actual satisfaction of the judgment, or the satisfaction was prevented by some act of the judgment debtor himself, or for his benefit, there would be no satisfaction; and that an alias execution may be issued to satisfy the judgment; while it is contended by the respondent that, inasmuch as money sufficient to satisfy the judgment had been wrested from it, and appropriated by the sheriff to apply on the judgment, the power of the respondent over the money had ceased; that after the money passed into the hands of the sheriff, the sheriff was the agent of the judgment creditor, and that, if it did not reach the judgment creditor, it was no concern of the judgment debtor; that as soon as the sheriff receives the money the law makes the application, and it is a satisfaction of a judgment; and that such money in the sheriff's hands is held for the use of the judgment creditor or his assignee.   It is also contended by the respondent that, in any event, the appellant has not sought the proper remedy; that he cannot secure redress by an execution, but that it must be secured by due process of law by an action on the case, where the respondent may have an opportunity to be heard respecting the justice of the judgment sought, and where the questions which are determinative of the rights of the parties may be contested.   Passing over this proposition of the particular remedy sought, we are of the opinion that the record does not disclose a case where the interest could be secured by the appellant in any event.   Many cases are cited by both respondent and appellant, but the law seems to be clear and well established.   The difficulty is in making an application of the law to the facts involved.   The consensus of judicial opin-

ion is stated in 11 Am. & Eng. Enc. Law (2d ed.), p. 704, as follows:

"In some of the cases it has been said broadly that the levy of an execution on sufficient personal property to satisfy it operates *per se* as a satisfaction, and that it discharges the judgment. Generally, however, the courts have not meant by this that there is an absolute satisfaction in all cases merely by virtue of the levy, and under all circumstances; and if they have intended to go so far the cases cannot now be regarded as authority. A levy is only *prima facie* evidence of a satisfaction, or, as it is sometimes said, there is a satisfaction *sub modo* only; and it is well settled that the presumption may be rebutted."

And under the title of "Circumstances Rebutting Presumption" the same author says:

"It may be laid down as a general rule that the presumption of satisfaction arising from a levy of personal property is rebutted, as far as the defendant is concerned, by proof that the plaintiff has been prevented by the act of the defendant or the operation of law from reaping the fruits of his levy; or, generally, by showing that for any other reason not due to the fault of the officer or himself, there had been no actual satisfaction."

We think undoubtedly the text quoted states the law correctly, and, applying that law to the facts of this case, we do not think that there is any proof that the appellant has been prevented by the act of the respondent or the operation of law from obtaining the fruits of his levy, or that there was any reason, not due to the fault of the appellant, why the judgment was not satisfied, for the simple reason that the appellant, through its attorneys, stipulated that the money levied upon should be held in the hands of the officer until the case of Opie *v.* Pacific Investment Co., *supra*, was decided. This appears plainly from the affidavit of the judge before whom the proceedings were had. The affidavit is as follows:

"STATE OF WASHINGTON, ⎫
                       ⎬ ss.
    County of Pierce,  ⎭

"I, Thomas Carrol, being first duly sworn, do on oath depose and say: That on the 17th day of September, 1900, I was one of the judges of the above entitled court; that Mr. Walter Christian, as attorney for the above named plaintiff, requested me to make an order in the above entitled cause, directing the sheriff to make an immediate return of a writ of execution issued in said cause, and upon which he had obtained a sum of money in gold and silver coin, from the defendant, National Bank of Commerce; that the ground upon which order was requested was that it was, under the laws, necessary for the sheriff to sell personal property seized by him under execution, and that the personal property in this instance being lawful money of the United Stats, a sale of the same would be a useless expense; that I signed an order as requested, and delivered the same to said Christian; that subsequently, within a very few minutes, Mr. Charles Richardson and Mr. C. A. Murray, as attorneys for the National Bank of Commerce, came to my chambers and requested me to withhold said order until an application could be made for an injunction to try the title to said personal property in that certain case entitled 'W. H. Opie v. Pacific Ivestment Company et al., number 17,899, in the above entitled court; that I immediately sent word to Mr. Christian to withhold said order and come to my chambers at once for consultation regarding the same; that during said consultation it was stated by said Christian and T. O. Abbott, as the attorneys for the plaintiff herein, that they were anxious to try the issues in said cause at once; and it was thereupon agreed that said cause should be taken up, and the merits thereof disposed of, and in the meantime, that the said order to the sheriff to make immediate returns should be withheld; that it was thereupon agreed, between all the parties present, that said cause should proceed to trial at once, and in the meantime, that the personal property referred to as the proceeds of said writ should be withheld by the sheriff, pending the further order of the court, as though an in-

junction had been issued herein; that the reason I make this affidavit is, that the records do not disclose any facts relative to the order hereinbefore referred to, as having been signed and delivered to said Christian.

(Signed · "Thomas Carroll."

Neither does the affidavit of Christian or the extensive affidavit of T. O. Abbott in any manner tend to contradict the affidavit of the judge, all showing that the stipulation was entered into as indicated. Even if it should be true, as stated on information and belief in the affidavit of Abbott, that the case of Opie v. Pacific Investment Co. was prosecuted in the interest of the respondent, yet the attorneys for the appellant saw fit to make a stipulation that the satisfaction of the judgment should await the determination of that case. There is no showing in this record that the cause of Opie v. Pacific Investment Company was unduly delayed through the instrumentality of the respondent, nor is there any showing that at any time after the stipulation was entered into there was any demand made by the attorneys for the appellant that the money should be appropriated upon the judgment, or that the stipulation should be avoided.

The judgment is affirmed.

Reavis, C. J., and White, Mount, Hadley, Fullerton and Anders, JJ., concur